UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20272-CR-MARTINEZ/BECERRA

IN THE MATTER OF A
SEALED INDICTMENT.
_____/

**UNITED STATES OF AMERICA'S MOTION TO
PARTIALLY UNSEAL INDICTMENT**

A grand jury in the Southern District of Florida returned an indictment charging GIOVANNI CARDENAS, a/k/a "El Mono," ANDRES BARAHONA POVEDA, a/k/a "Chitin," EDWIN CASTILLO, a/k/a "El Salse," and others with conspiring to commit Hobbs Act robbery and committing multiple Hobbs Act robberies, in violation of 18 U.S.C. § 1951. That indictment is sealed pursuant to Federal Rule of Criminal Procedure 6(e)(4). Law enforcement arrested CARDENAS and CASTILLO in connection with that sealed indictment on Thursday, June, 29, 2023. CARDENAS' and CASTILLO'S initial appearances in this District were held on June 29, 2023. Three defendants were already in federal custody on other matters before the filing of the indictment: ANDRES BARAHONA POVEDA, a.k.a. "El Chitin," DEMIAN GONZALEZ CONTRERAS, and VICTOR FABIAN VALENZUELA. Therefore, only one defendant remains a fugitive, hereinafter referred to as "Defendant Number Four."

On June 29, 2023, the Honorable Edwin G. Torres, Chief Magistrate Judge for the Southern District of Florida signed an order partially unsealing the indictment for Defendants CARDENAS and CASTILLO. However, the case remains sealed. For the reasons set forth below, the United States of America now moves this Court to

1

partially unseal the case and partially unseal the indictment in Case No. 23-20272-CR-MARTINEZ, as to Defendants CARDENAS, BARAHONA POVEDA, CASTILLO, GONZALEZ CONTRERAS, and VALENZUELA. The government proposes providing the attached, partially unredacted indictment to BARAHONA POVEDA and his defense counsel at the initial appearance. The same partially redacted copy was previously provided to Defendants CARDENAS and CASTILLO. The government would move that the case be unsealed as to the Defendants currently in custody, with the exception of Defendant Number Four, and that the partially redacted indictment be unsealed in the public record. The partially redacted indictment is partially redacted to exclude the name of Defendant Number Four who is not in custody, as well as the information pertaining to one count solely charging that fugitive defendant.

## ARGUMENT

Federal Rule of Criminal Procedure 6(e)(4) authorizes the government's request. Under that rule, magistrate judges may order that an indictment "be kept secret until the defendant is in custody or has been released pending trial." "The obvious purpose of this provision is to prevent the requirement of an indictment from serving as a public notice that would enable the defendant to avoid arrest." *United States v. Muse*, 633 F.2d 1041, 1043 (2d Cir. 1980). In addition to preventing defendants from avoiding arrest, the rule also "authorizes indictments to remain sealed for 'sound reasons of policy' or where the 'public interest requires it.'" *United States v. Lorenzana-Cordon*, 197 F. Supp. 3d 1, 2 (D.D.C. 2016) (quoting, e.g., *United*

2

*States v. Edwards*, 777 F.2d 644, 648 (11th Cir. 1985)). Given the rule's text and animating policy considerations, courts elsewhere have previously denied a defendant's request to completely unseal an indictment where several codefendants were fugitives and where completely unsealing the indictment "could [have] jeopardize[d] ongoing capture operations." *Lorenzana-Cordon*, 197 F. Supp. 3d at 2.

In *Lorenzana-Cordon*, the defendant, Waldemar Lorenzana-Cordon, and his brother were tried and convicted on a third superseding indictment charging them with one count of conspiracy to import five kilograms or more of cocaine. *See* DE 841 at 1, *Lorenzana-Cordon*, No. 03-CR-331. Both defendants had previously been arraigned on a redacted third superseding indictment, which the government had filed on the Court's CM/ECF system and as to which the government had sought limited unsealing. *See* Minute Entry, *Lorenzana-Cordon*, No. 03-CR-331 (D.D.C. May 1, 2015) (noting the government's motion for limited unsealing, at docket entry 559); DE 841 at 1, *Lorenzana-Cordon*, No. 03-CR-331 (explaining background); DE 843 at 2, *Lorenzana-Cordon*, No. 03-CR-331 (same). *See also* DE 563, *Lorenzana-Cordon*, No. 03-CR-331 (unsealed version of the redacted third superseding indictment).

Following a jury trial, the defendant moved to unseal the indictment. He argued that a "complete record of the actual charged indictment" was necessary for him to present post-trial challenges and that, given the time that had passed, the seal was no longer needed. DE 841 at 2–4, *Lorenzana-Cordon*, No. 03-CR-331. The government opposed the motion on two grounds. First, the government argued that

the defendant could, in fact, raise his post-trial arguments under seal.[1] Second, the government maintained that the fugitive status of several codefendants merited the continued sealing of the indictment. DE 843 at 6–8, *Lorenzana-Cordon*, No. 03-CR-331. As a compromise, the government proposed providing the defendant a copy of a partially unsealed indictment with the unredacted names of codefendants who testified at trial, who were serving sentences or whose sentences had concluded, or who had died. *See Lorenzana-Cordon*, 197 F. Supp. 3d at 2–3. Under the government's plan, the indictment would continue to have redacted the names of five codefendants "who [were] fugitives or whose names need[ed] to remain redacted for sound policy reasons." *Id.* at 3.

The district court sided with the government and denied the defendant's motion. The court reasoned that unsealing the indictment on the public docket "could jeopardize ongoing capture operations" and observed that the defendant suffered no prejudice from keeping the indictment sealed because he already had a copy of the unredacted indictment (which he had obtained through the government of

---

[1] At some point, the defendant had obtained a copy of the unredacted indictment, not from the United States, but from the government of Guatemala. DE 843 at 1, *Lorenzana-Cordon*, No. 03-CR-331. Relying on that fact, the government argued that the defendant would not be prejudiced by the failure to completely unseal the indictment because he already had the unredacted indictment and could present any post-trial arguments about the indictment's alleged infirmities under seal. In response to the defendant's argument about the fugitive codefendants, the government further argued that the unsealing would provide the fugitives an opportunity to evade capture, and that depriving them of that opportunity was a lawful basis for the continued sealing of the indictment. *Id.* at 6–7. The Court, as explained in this motion, agreed with that second, independently sufficient position. *See Lorenzana-Cordon*, 197 F. Supp. 3d at 3.

4

Guatemala). *Id.* With respect to the government's proposal, the district court found "[it] [struck] an appropriate balance between affording [the defendant] access to information in order to make his arguments to the Court, while protecting the identities of those who [were] being actively sought, or whose identities should be protected for good cause." *Id.*

The same considerations that supported the continued sealing of the indictment in *Lorenzana-Cordon* exist here. CARDENAS, BARAHONA POVEDA, and CASTILL are three of six defendants named in the sealed indictment. The sealed indictment charges the six defendants including BARAHONA POVEDA, with serious crimes: Hobbs Act robberies, in violation of 18 U.S.C. § 1951. The public's interest, as well as the government's, is the capture of such individuals for such serious offenses. The seal advances that interest by preventing the "indictment from serving as a public notice that would enable the [co]defendant to avoid arrest." *Muse*, 633 F.2d at 1043.

Moreover, like the defendant in *Lorenzana-Cordon*, none of the defendants will suffer prejudice from the government's proposal because they will receive a copy of the indictment without redactions as to the portions pertaining to them. The remaining redactions rest on sound policy reasons—to prevent the disclosure of the identity of the fugitive codefendant, "who [is] being actively sought. *Lorenzana-Cordon*, 197 F. Supp. 3d at 2–3. Under the government's proposal, the "legitimate prosecutorial needs . . . [of] captur[ing] those properly indicted for criminal activity" are preserved. *Muse*, 633 F.2d at 1043. If similar reasons justified the continued,

5

*post-trial* redaction and sealing of the indictment in *Lorenzana-Cordon*, then they should likewise justify the continued sealing in this nascent case.

## CONCLUSION

For those reasons, this Court should grant the requested relief, and partially unseal the case and the indictment as to the defendants currently in custody, with the exception of Defendant Number Four.

MARKENZY LAPOINTE<br>
UNITED STATES ATTORNEY

By: _____
Brian Dobbins
Assistant United States Attorney
Court ID No. A5501182
99 N.E. 4th Street, 5th Floor
Miami, FL 33132
Tel: (305) 961-9304
Email: Brian.Dobbins@usdoj.gov